## JIM HOLCOMB V. THE STATE.

No. 9337. Delivered November 4, 1925.

Rehearing denied March 10, 1926.

**1.—Murder—Evidence—Held, Sufficient—Companion Case.**

This is a companion case to that of W. C. Holcomb, No. 9289, this day decided. The only contention of appellant is that the evidence does not support a verdict of murder. With this contention we are unable to agree. The jury evidently did not agree that the killing was under the influence of sudden passion arising from the fact of the communicated insult, or else that the killing did not occur on the first meeting, and the jury having support for their verdict, the judgment will be affirmed.

**2.—Same—Evidence—Held, Sufficient.**

On rehearing but one point is urged by appellant, which is that the evidence discloses a case of manslaughter, and does not support the verdict of murder. A careful re-examination of the record but confirms our original view that the jury were warranted in finding that the killing did not occur on the first meeting of the parties, and that it was not the result of sudden and uncontrollable passion, aroused by an adequate cause, and the motion for rehearing is overruled.

Appeal from the District Court of Haskell County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion in the companion case of W. C. Holcomb v. The State, No. 9289, this day delivered, states the case.

*Lon. Brooks, J. F. Cunningham, Oliver Cunningham* and *A. J. Smith,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant appeals this case from a conviction in the District Court of Stonewall County of murder, with punishment fixed at 10 years in the penitentiary.

The facts in this case are closely allied to those in cause No. 9289, W. C. Holcomb v. State, opinion this day handed down. Appellant was the son of W. C. Holcomb and brother of the girl, information as to whose intercourse with deceased is laid as the cause for the killing. The defensive theory is that upon learning of the conduct of deceased toward the sister of appellant, he and his father, acting together, went to where deceased was in a car and both fired their guns at deceased, from the effect of which shooting he died and that this at best is no more than manslaughter. In addition to the facts given in testimony upon the trial of W. C. Holcomb, the state introduced testimony in this case which seems to sufficiently show a meeting between appellant and deceased on one or two occasions after the communication of the alleged insulting conduct and before the homicide.

We find in the record no bills of exception, and the only contention briefed by appellant's able counsel is that the evidence is insufficient to support a judgment for murder and

the assessment of a ten-year penalty. We have carefully reviewed the facts and are unable to agree with appellant's contention. Our views are expressed to some extent in the case of Holcomb v. State, supra. The communication to appellant of the fact of the alleged betrayal of his sister by deceased, appears to have been some weeks, if not months, before the alleged homicide. It is manifest that efforts were made to bring about the marriage of deceased with the girl, which failed because of the refusal of deceased so to do, he claiming that he was not guilty of having carnal knowledge of her. Efforts also are reflected in the record of an attempt on the part of appellant and his brother to have a personal interview with deceased, having for its object the bringing about of said marriage. The state witnesses unquestionably show a meeting between the parties prior to the homicide; once on a road where deceased on foot met appellant who was in a truck, and another time when deceased passed by where appellant was, and a witness said that while deceased was yet in sight appellant stepped to the corner of a building apparently to see which way deceased went. The testimony as to the mental condition of appellant at the time of the homicide as well as to the fact of there having been a previous meeting, was for the jury's consideration. Their verdict makes it appear that they did not believe the killing was under the influence of sudden passion arising from the fact of the communicated insult, or else that they believed the case not one of manslaughter because of the former meeting of the parties.

There being nothing in the record to cause this court to believe that the verdict was the result of prejudice against this young man, and the jury having support for their verdict, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges again only the lack of evidence to support a conviction for homicide of a higher offense than manslaughter. The facts have again received our careful attention, which only strengthen our belief in the correctness of the former opinion. We now observe that appellant admitted in his own testimony that he met deceased out on the road at a time when appellant was in a truck and had his gun, but he said this was before he knew anything about his sister's

trouble. It is conclusively established that appellant learned of his sister's disgrace on the 15th of February. The hardware man who sold appellant the Winchester rifle which he carried, testified that it was after the 14th that he sold him the gun. If appellant had this gun in the truck with him when he met deceased on the road, it must have been after he was informed of his sister's disgrace. Witness Anderson swore that the time he saw appellant and deceased meet out in the country when appellant was in a truck and had his gun with him, was about a week before the homicide. This would make the meeting occur a week or more after it is admitted appellant learned of the disgrace of his sister and of the connection of deceased with same. Said witness testified that appellant was coming down the road in a truck with his gun and that deceased was walking on foot up the road when the two parties met. It would be difficult to conceive how appellant could fail to see deceased, and in view of his own admission that he did see him on an occasion when he had his gun, this seems to remove any question both of the meeting and of the fact that appellant saw deceased. The sheriff of the county testified that he took from appellant and his father a shotgun and a Winchester rifle. The date of this occurrence was fixed by appellant himself in his testimony as on the 22nd of February preceding the killing on the 3rd of March. When a killing is because of insults to a female relative, one of the things necessary, before same will be manslaughter, is that it be shown that same took place at the first meeting betwen the parties. The sheriff testified that he saw appellant and his brother at the Senter garage and had a conversation with them in reference to Mack Hart, and he told them that he had seen him and they wanted to know what Mack was going to do about it, and he informed them that deceased was not going to do anything, was not guilty and said he was not going to leave the country. They asked the sheriff to go get Mack and bring him to town and let them talk to him, but he told them he could not do it. This was four or five days before the shooting. We are unable to conclude that the jury were not justified in finding this appellant guilty of murder. Admitting that the conduct of deceased was deserving of the severest censure, and that it was such as our law concedes to be adequate cause to produce an uncontrollable passion which would reduce the killing to manslaughter, if the jury believed it caused and produced the killing—still it must be borne in mind that unless the jury believe that the killing

did result from such uncontrollable passion, and did take place at the first meeting between the accused and the deceased after the former has received information of the insulting conduct, they would be within their province in rejecting the defensive claim that the homicide was only manslaughter, and in rendering a verdict for murder.

The motion for rehearing will be overruled.

*Overruled.*